IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOSEPH A. MASSIE                                           PLAINTIFF

v.                                          CAUSE NO. 1:13CV364-LG-JMR

GULF COAST PRE-STRESS, INC.                               DEFENDANT

## ORDER GRANTING MOTION TO SET ASIDE DEFAULT JUDGMENT

BEFORE THE COURT is the Motion [10] to Set Aside Default Judgment

filed by the defendant, Gulf Coast Pre-Stress, Inc.  The defendant seeks to set aside

the default judgment entered against it because it had no notice it had been sued

until it was notified that default judgment had entered.  The matter has been fully

briefed, and after due consideration, the Court finds that the defendant has shown

good cause for its default.  Accordingly, the Default Judgment will be set aside and

this case will resume on the Court's docket.

### FACTS AND PROCEDURAL HISTORY

Massie alleged in his Complaint that he was a seaman under the Jones Act,

employed by Gulf Coast Pre-Stress, Inc. as a captain and member of the crew of the

vessel VELMA C.  (Compl. 2, ECF No. 1).  He alleges he was injured while

performing work on the VELMA C that was not his regularly scheduled duty, but

necessary because the vessel was undermanned.  Massie sued Gulf Coast Pre-

Stress, Inc. as the owner, operator and/or *pro hac vice* of the vessel, for negligence,

unseaworthiness, and maintenance and cure.

When Gulf Coast Pre-Stress, Inc. did not answer the lawsuit, Massie filed a

motion for default judgment.  (ECF No. 6).  The Court conducted a hearing one

month later, at which Massie testified regarding his damages.  (*See* Minute Entry

Feb. 18, 2014).   At the conclusion of the hearing, the Court entered a default

judgment awarding Massie his claimed damages of $750,000, plus costs and post-

judgment interest.  (Judgment Feb. 18, 2014, ECF No. 8).

About two months after entry of the default judgment, the defendant moved

to have the default judgment set aside.  It asserts that it was not aware it had been

sued until its Human Resources Director, Noel Monaghan, received a certified letter

regarding the default judgment from Massie's counsel.  In the defendant's

investigation of the matter, it discovered that its agent for service received the

summons and complaint.  The agent mailed the documents to Gulf Coast Pre-Stress

Partners, LTD ("Partners") by certified mail.  The certified mail was signed for by

the mail clerk for Partners, who provided an affidavit stating that she is unable to

account for what happened to the certified mail next, although her usual practices

would have led her to deliver it to Monaghan.  (Def. Ex. 4, ECF No. 10-1 at 106).

Monaghan has no recollection of receiving the documents.  (Def. Ex. 1, ECF No. 10-1

at 3).  Thus, Partners received the summons and complaint, but through

inadvertence, did not respond.

DISCUSSION

"The court may set aside an entry of default for good cause, and it may set

aside a default judgment under Rule 60(b)."  Fed. R. Civ. P. 55(c).  Rule 60(b)(1)

provides that a court may relieve a party from a judgment for "mistake,

inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Courts

consider three factors when determining whether to set aside a default judgment

under Rule 60(b)(1): "whether the default was willful, whether setting it aside

would prejudice the adversary, and whether a meritorious defense is presented."

*Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2008). "Courts may

also consider whether the public interest was implicated, whether there was

significant financial loss to the defendant, and whether the defendant acted

expeditiously to correct the default." *Id.* The Fifth Circuit has explained:

> In conducting this analysis, "federal courts should not be agnostic with
> respect to the entry of default judgments, which are generally
> disfavored in the law." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir.
> 2000). . . . "Rule 60(b) [should be] applied most liberally to judgments
> of default, since trial on the merits is to be favored over such a
> truncated proceeding. Unless it appears that no injustice results from
> the default, relief should be granted." *In re OCA, Inc.*, 551 F.3d 359,
> 370-71 (5th Cir. 2008). . . .

*Scott v. Carpanzano*, 556 F. App'x 288, 294 (5th Cir. 2014). Unless the plaintiff has

demonstrated prejudice, any doubt in considering a motion to set aside a default

judgment should generally be resolved in favor of the defendant so that a trial on

the merits can be held. *Jenkens*, 542 F.3d at 123.

The defendant argues that it can establish that its failure to answer the

lawsuit was the result of an inadvertent oversight, and not willful. The defendant

also contends that it has a meritorious, multi-prong defense, and that Massie will

suffer no prejudice if he is compelled to prosecute his case against the defendant.

Massie concentrates on the first element, arguing that the defendant's

admitted negligence in failing to answer the lawsuit does not justify setting aside the default judgment.  Massie asserts that the Court should not reach the issues of whether the defendant can present a meritorious defense or Massie will be prejudiced if the default judgment is set aside, because the defendant's neglect is not excusable.

As Massie notes, the Fifth Circuit has found mail routing failures such as this one to be insufficient to constitute excusable neglect.  *See Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 939 (5th Cir. 1999).  The Fifth Circuit holds that defendants have a responsibility to ensure that process has in fact reached its destination.  *Id*.; *see also Levitt-Stein v. Citigroup, Inc.*, 284 F. App'x 114, 116 (5th Cir. 2008).  However, contributing to the Fifth Circuit's decisions was a fact not in evidence in this case - officials of the defendants corporations had been put on notice that process was forthcoming.  *Rogers*, 167 F.3d at 939 (Senior Claims Examiner notified that suit papers were to be sent to her immediately); *Levitt-Stein*, 284 F. App'x at 116 (Senior Counsel was put on notice of the threatened suit).  There is no indication in this case that the defendant or Partners was informed that Massie had filed a lawsuit or that they should expect to be served with process.  The Court finds that under these circumstances, defendant's default was the result of excusable neglect.

The defendant also has alleged that it has a meritorious, multi-prong defense.  Specifically, the defendant is the general partner of Partners, and it is Partners that employed plaintiff Massie as a tug boat captain.  Therefore the

defendant cannot be liable for Massie's claims.  Defendant further claims that it was Massie's own negligence and violation of work rules that resulted in his injuries, not the condition of the vessel or its crew.  This showing is sufficient to establish the meritorious defense element.

Finally, Massie has made no attempt to show that he will be prejudiced if the default judgment is set aside.  The Fifth Circuit has consistently held that a plaintiff has not suffered sufficient prejudice to warrant upholding a default judgment when setting it aside does "no harm to plaintiff except to require it to prove its case." *Lacy v. Sitel Corp.,* 227 F.3d 290, 293 (5th Cir. 2000) (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)).  To maintain a default judgment, the plaintiff must show that setting it aside will result in "loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion."  *Scott*, 556 F. App'x at 298 (quoting *Lacy*, 227 F.3d at 293).  There is no such showing in this case.  Accordingly, the Court finds that the default judgment entered against defendant Gulf Coast Pre-Stress, Inc., should be set aside.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Set Aside Default Judgment [10] filed by the defendant, Gulf Coast Pre-Stress, Inc., is **GRANTED**.  The Default Judgment [8] entered on February 18, 2014, is hereby set aside, and this lawsuit is reopened as a pending case on the Court's docket.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Gulf Coast Pre-Stress, Inc.'s answer to the Complaint [1] is due within twenty days of the date of

this Order.

**SO ORDERED AND ADJUDGED** this the 10th day of November, 2014.

*s/ Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE